IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENTRY LEONARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1780-D-BN |
| | § | |
| NIKEVA THOMAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gentry Leonard, a Texas prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 relating to an alleged unlawful imprisonment due to a purported false parole violation in retaliation for complaints filed against his parole officer. *See* Dkt. Nos. 3, 5-7, 9. Senior United States District Judge Sidney A. Fitzwater referred Leonard's lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Leonard leave to proceed *in forma pauperis* under the Prison Litigation Reform Act ("PLRA"). *See* Dkt. No. 10. And, after screening his claims, as detailed below, the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit without prejudice subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

**Applicable Background**

In 1993, Leonard was convicted of aggravated sexual assault and aggravated

robbery and sentenced by the jury to 99 years and 45 years imprisonment, respectively. *See State of Texas v. Leonard*, No. F92-45533 (204th Jud. Dist. Ct., Dall. Cnty. June 25, 1993); *State of Texas v. Leonard*, No. F92-45534 (204th Jud. Dist. Ct., Dall. Cnty. June 25, 1993).[1] While on parole for those crimes, Leonard asserts that he was arrested for five parole violations on January 18, 2022 and that, on January 22, 2022, the parole division decided not to pursue parole revocation. *See* Dkt. No. 3 at 7. But he alleges that "this was unknown to the plaintiff until July 3, 2022 when Director of [P]arole Rene Hinojosa[] informed the plaintiff that his parole had been continue[d] and released the plaintiff." *Id.*

A review of Dallas County criminal records reflects that Leonard was arrested on January 18, 2022 for indecent exposure. *See State of Texas v. Leonard*, No. M22-44749 (Dall. Cnty. Crim. Ct. No. 2). The indecent exposure was alleged to have occurred on the date of the arrest. *See id.* (Complaint-Information dated Jan. 25, 2022). At the time, Leonard was on bond for a felony charge of indecency with a minor. *See State of Texas v. Leonard*, No. F20-50342 (292nd Jud. Dist. Ct., Dall. Cnty.). Bond was set in the indecent exposure case on January 20, 2022, and the State moved to increase the bond in the felony case on January 28, 2022, which was granted on February 1, 2022. Bond was posted for his pending charges on July 1, 2022.

Leonard was then arrested again in March 2023 for indecent exposure. *See State of Texas v. Leonard*, No. M23-16874 (Dall. Cnty. Crim. Ct. No. 2). Leonard was

---

[1] Under Federal Rule of Evidence 201, a "district court may properly take judicial notice of public state court records." *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam).

- 2 -

found guilty by a jury for the March 2023 incident on July 12, 2023. *See id.* (Judgment dated July 12, 2023). He then pled nolo contendere to the January 2022 indecent exposure on August 4, 2023. *See Leonard*, No. M22-44749 (Judgment dated Aug. 4, 2023). Misdemeanor charges from 2020 for resisting and evading arrest and failure to identify himself were then dismissed. *See State of Texas v. Leonard*, No. M20-16996 (Dall. Cnty. Crim. Ct. No. 2); *State of Texas v. Leonard*, No. M20-17005 (Dall. Cnty. Crim. Ct. No. 2); *State of Texas v. Leonard*, No. M20-50342 (Dall. Cnty. Crim. Ct. No. 2); *State of Texas v. Leonard*, No. M20-50343 (Dall. Cnty. Crim. Ct. No. 2). On September 27, 2023, Leonard pled guilty to attempt to commit indecency with a child. *See Leonard*, No. F20-50342 (Judgment dated Sept. 27, 2023).

Leonard's parole was revoked, and he is currently in prison. Leonard filed this action on July 10, 2024. A sworn certification states that it was placed in the mail on June 30, 2024. *See* Dkt. No. 3 at 11.

### Legal Standards

Under the PLRA, where prisoners (whether incarcerated or detained pending trial) seek relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Because this language tracks the language of Federal Rule of Civil Procedure 12(b)(6), the Court should apply the pleading standards as set out in *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Under these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, but it does require "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal for failing to state a claim upon which relief may be granted under Section 1915A(b)(1), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

### Analysis

Leonard asserts that he was arrested on false parole violations in January 2022 and that his continued detention beyond the alleged January 22, 2022 determination to continue parole supervision without sanction violated his due process rights under *Morrissey v. Brewer*, 408 U.S. 471 (1972) and constituted unlawful detention. These claims, however, rely on an assertion contradicted by state court records subject to judicial notice that he was arrested and held in January 2022 solely due to parole violations.

Because Leonard has not shown that the convictions related to his arrest on January 18, 2022 and subsequent detention have been reserved, expunged, invalidated or otherwise called into question, the claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (A Section 1983 claim that "falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)).

> As to whether a particular civil claim is subject to the rule in *Heck*,
>
> > [i]t is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'"

*Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting, in turn, *Heck*, 512 U.S. at 486-87)); *accord Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) ("In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." (citing *Heck*, 512 U.S. at 486-87)).

*Heck* applies to parole revocations. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (*Heck* requires showing that "any revocation proceeding has been reverse, expunged, set aside by a state court, or called into question by a federal

court's issuance of a writ of habeas corpus"). But in this case, Leonard's claims more directly attack his arrest and conviction for the January 18, 2022 indecent exposure because they assert that he was arrested that day on false and retaliatory charges and held in unlawful detention until July 2022. *See Kastner v. Texas*, 332 F. App'x 980, 981 (5th Cir. 2009) (per curiam) (applying *Heck* bar to conviction after plea of nolo contendere). And they also attack the validity of his conviction for attempted indecency with a child given that he was also being held on this charge during his alleged unlawful detention.

Because Leonard fails to show that the criminal convictions that underlie his civil claims relating to his January 2022 arrest and his subsequent detention have been reversed, invalidated, set aside, or otherwise resolved in his favor, the claims asserted – calling that conviction into question – are currently subject to the rule in *Heck* and thus not cognizable.

And, where this is the case, the Court should dismiss the lawsuit without prejudice, as a *Heck* "dismissal 'does not preclude a later claim meeting the preconditions for suit.' That is, a *Heck* dismissal is a dismissal without prejudice." *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (cleaned up; quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc)).

### Recommendation

The Court should dismiss Gentry Leonard's claims without prejudice subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 30, 2026

 

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE